J-A27023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| BLAYNE BERGENSTOCK AND ADAM MILLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| RICHARD RAUSCH, | |
| Appellee | No. 1601 WDA 2014 |

Appeal from the Order Entered September 3, 2014
In the Court of Common Pleas of Warren County
Civil Division at No(s): 2012 Term No. 000439

BEFORE:  BOWES, OLSON & STABILE, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 29, 2015**

Appellants, Blayne Bergenstock and Adam Miller, appeal from the order entered on September 3, 2014 granting a motion for summary judgment filed by Appellee, Richard Rausch (Rausch).  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 20, 2008, Rausch sold Appellants a residential log cabin in Warren, Pennsylvania.  The sales agreement contained no warranties and Rausch sold the property "as is."  Prior to sale, Appellants hired a home inspector who assessed the cabin and rendered a report.  On August 1, 2012, three years after closing their real estate purchase, Appellants filed suit against Rausch alleging that he failed to disclose material defects in the property, including, *inter alia*, rotting wood and water damage to the

property that he knew about prior to completing a statutorily mandated seller's disclosure form and/or discovered before the sale. On January 16, 2013, Appellants filed an amended complaint against Rausch alleging claims of breach of contract, fraud, unjust enrichment, and violations of the Pennsylvania Real Estate Seller Disclosure Act (PRESDA) and Unfair Trade Practices and Consumer Protection Law (UTPCPL). On August 2, 2013, the trial court sustained a preliminary objection in the nature of a demurrer to the unjust enrichment claim. On June 2, 2014, Rausch filed a motion for summary judgment and a supporting brief. On September 2, 2014, the trial court granted Rausch's motion for summary judgment on all remaining counts. The trial court issued a memorandum opinion on September 3, 2014. This timely appeal followed.[1]

On appeal, Appellants present the following issue for our review:

> 1. Whether the trial court err[ed] in granting [Rausch's] motion for summary judgment when there were 'genuine issues of material fact' for trial pertaining to [Rausch's] failure to disclose known material defects in April 2008 or material defects he discovered in August 2008?

---

[1] On October 1, 2014, Appellants filed a notice of appeal. Appellants filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 27, 2014. On January 26, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its earlier decision.

Appellants' Brief at 2 (complete capitalization omitted).[2]

Appellants argue that the trial court erred by granting summary judgment to Rausch because there were material issues regarding "Rausch's failure to disclose all material defects that he knew about in April 2008 when he completed the seller's disclosure form and that he failed to disclose material defects he discovered prior to the completion of the sale in August 2008." *Id*. at 18. Appellants contend Rausch's "deposition testimony creates questions of fact as to what [he] knew and failed to disclose[.]" *Id.* at 19. Appellants acknowledge the property was sold "as is," but argue "the [s]eller's [d]isclosure state[s], in pertinent part, "A [s]eller must disclose to buyer all known material defects about [the] property being sold that are not readily observable. This disclosure statement is designed to … assist the buyer in evaluating the property being considered." *Id.* Appellants maintain that Rausch only disclosed a water drip through a front window in the spring of 2008, but when deposed, testified as follows:

> Not only did [Rausch] testify that water came inside the window whenever there was a hard rain, he admitted that water got down inside the window at least a couple of times prior to his attempted repairs in the summer of 2008. [Rausch] further admitted that he could tell water was coming through the windows because the base on top of the

---

[2] In their appellate brief and at oral argument, Appellants concede they have withdrawn their PRESDA claim. *See* Appellants' Brief at 4, n.1. Thus, we need not review the trial court's determination that Appellants' PRESDA claim was barred by the two-year statute of limitations for such an action. Trial Court Opinion, 9/3/2014, at 3, *citing* 68 Pa.C.S.A. § 7311(b).

block wall was wet and he knew water went down behind the siding below the windows. He knew the water 'came down through the front, somewhere through the front of the window and came down behind the siding below the window.' Further, [Rausch] testified that he patched the subfloor beneath the leaking windows because 'some of the water in to the edge of where the flooring went to the wall' and he 'didn't want the flooring to buckle or move **anymore'** because he '**knew** it got damp.' [Rausch] further admits that some of the hardwood buckled 'when some of the water came in' and that water is the 'only thing' that would buckle wood. In fact, prior to installing these patches, [Rausch] admits he could tell that water had been there because he could see visible damage and water lines indicating that water had been present.

*Id.* at 20-21 (emphasis added by Appellants). Appellants argue that Rausch failed to notify them of any of these later discoveries. *Id.* at 21-22.

Thus, Appellants aver that Rausch breached his contractual duty to disclose defects that were not readily observable. *Id.* at 19. With regard to their UTPCL claim, Appellants argue Rausch engaged in fraudulent and deceptive conduct creating a likelihood of confusion or misunderstanding when he failed to disclose defects known to him. *Id.* at 22-25. Likewise, regarding fraudulent misrepresentation, Appellants posit that "[a]lthough the trial court concluded that a failed attempt to fix a window is not fraud, it offered little explanation as to why [Rausch] should not have disclosed known material defects on the [s]eller's [d]isclosure in April 2008." *Id.* at 26.

We begin with our standard of review:

[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court

- 4 -

abused its discretion or committed an error of law. Our scope of review is plenary. In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

\*          \*          \*

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Criswell v. Atlantic Richfield Co.***, 115 A.3d 906, 908-909 (Pa. Super. 2015) (internal citation omitted).

We have further stated:

The paramount goal of contractual interpretation is to ascertain and give effect to the intent of the parties. In determining the intent of parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly. Here, the agreement contained a term which has common meaning; when something is accepted 'as is' the buyer is put on notice that there may be liabilities attendant to the purchase. The warranties which may otherwise be implied by law do not attach when the buyer agrees to accept the goods in the condition in which they are found. […]If [a party intends] to avoid any potential liability arising from the purchase of [property], it [is] necessary to bargain for a clause to that effect before executing the agreement.

***PBS Coals, Inc. v. Burnham Coal Co.***, 558 A.2d 562, 564-565 (Pa. Super. 1989).

Here, the parties entered into an agreement of sale that stated, in pertinent part:

> 6. The structure(s) on the premises is/are sold "AS IS," without warranty, except as otherwise qualified on the attached "Seller's Disclosure Statement."

Agreement of Sale, 4/17, 2008 at *3, ¶ 6 (unpaginated).

On the Seller's Disclosure Statement, Rausch answered "yes" in response to the question: "Are you aware of any past or present water leakage in the house or other structure?" Seller's Property Disclosure Statement, 4/17/2008, at 2, ¶ 6. In explaining the answer, Rausch stated: "This spring during a driving rain at front of house, water drip from front window. Having contractor & myself locate & repair." ***Id.***

Further, Rausch signed the following provision:

> The undersigned seller represents that the information set forth in this disclosure statement is accurate and complete to the best of the seller's knowledge. The seller hereby authorizes any agent for the seller to provide this information to prospective buyers of the property and to other real estate agents. The seller alone is responsible for the accuracy of the information contained in the statement. The seller shall cause the buyer to be notified in writing of any information supplied on this form which is rendered inaccurate by a change in the condition of the property following the completion of this form.

***Id.*** at 7.

Moreover, Appellants agreed to the following:

> The undersigned buyer acknowledges receipt of this disclosure statement. The buyer acknowledges that this statement is not a warranty and that, unless stated otherwise in the sales agreement, the buyer is purchasing this property in its present condition. It is the buyer's responsibility to satisfy himself or herself as to the condition of the property. The buyer may request that the property be inspected, at the buyer's expense and by qualified professionals, to determine the condition of the structure or its components.

*Id.*

Under Pennsylvania law, an action for breach of contract has three elements: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resulting damages. *Omnicron Systems v. Weiner*, 860 A.2d 554, 564 (Pa. Super. 2004).

In this case, the trial court dismissed Appellants' breach of contract claim, determining:

> Here, the contract was the agreement of sale and the seller's disclosure statement. The property was sold "as is" without any express or implied warranties, except as otherwise stated on the seller's disclosure statement. The disclosure statement emphasized that it was "not a warranty of any kind by the seller." The disclosure form also noted that [Rausch] informed [Appellants] of past and present water leakage in the house, and stated that "This spring during a driving rain at front of house, water drip from front window. Having contractor [&] myself locate & repair." After the repairs, which were made after the date of the initial disclosure, there is no evidence that [Rausch] was aware of any further leaks. Also, there was no evidence that [Rausch] failed to replace [rotten wood] of which he was aware during the 2008 repair. Furthermore, [Appellants] were fully aware that [Rausch] had replaced the windows previously and they even had the property inspected by their own home inspector. The contract incorporated the disclosure statement and, therefore, if

- 7 -

there had been a knowing failure to disclose on the part of [Rausch], there would be a breach of contract. In light of the evidence that while in possession of the premises, [Rausch] had replaced windows, restructured window frames, repaired a wall, replaced damaged floorboard and employed a contractor to make repairs, there is no evidence that [Rausch] considered there to be defects remaining at the time of sale. The inability of [Appellants] and [Appellants'] inspector, an experienced contractor, to observe defects, substantiates the deposition testimony of [Rausch]. Under these circumstances, there remains no genuine issue of material fact as to the breach of duty of [Rausch] imposed by his executing the [a]greement for [s]ale. Moreover, the damages that were alleged did not result from a breach of the contract by [Rausch].

Trial Court Opinion 9/3/2014, at 4-5 (parenthesis omitted).

We agree with the trial court's assessment. Appellants agreed to purchase the property "as is." Rausch disclosed to Appellants that the front windows of the property at issue leaked. When deposed, Rausch testified that he made repairs necessitated by the disclosed condition. Deposition of Richard Rausch, 1/14/2014, at 56-61. He further stated that there were hard rains between the time he repaired the windows and he eventually moved out and there was no additional leaking. *Id.* at 56-57. Rausch, however, never guaranteed or provided a warranty on those repairs. On the contrary, Appellants acknowledged that they were purchasing this property in its present condition, both on the disclosure form and the sales agreement. It was Appellants' responsibility to make sure they were satisfied as to the condition of the property. Appellants hired an independent home inspector who conducted an examination of the house

after disclosure, but before the closing. Deposition of Adam Miller, 1/14/2014, at 40. The inspector did not find any problems with water infiltrating the house and, instead, stated "[i]t looks like a good solid house." *Id.* at 43-44.

It is clear that Rausch disclosed the leak to Appellants. While Rausch was required to notify Appellants of a change in the condition of the property following the completion of the disclosure form, there was no change in the condition of the property. The property conditions about which Appellants complain resulted from the previously disclosed leak and the record establishes that Rausch sought to repair those conditions prior to the closing. Appellants do not allege that water damage resulted from another source that Rausch failed to disclose. Essentially, Appellants aver Rausch did not disclose the extent of damage to the property. However, the duty fell squarely upon Appellants to verify the condition of the property. Rausch made no warranties and the sales agreement specified the property was sold "as is." If Appellants were not satisfied with purchasing the home "as is" or were not convinced that Rausch and his contractor could make the repairs necessitated by the disclosed leak, they should have bargained for a clause to that effect before executing the sales agreement. Instead, Appellants requested inspection of the property by a qualified professional, as agreed to by the parties, who determined the condition of the house was "solid." Thus,

Rausch fulfilled his contractual obligations and the trial court properly granted summary judgment on Appellants' breach of contract claim.

In order to prevail on a claim of fraud or intentional misrepresentation in a real estate transaction, a plaintiff must establish the following: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. **Bortz v. Noon**, 729 A.2d 555, 560 (Pa. 1999).

In order to maintain a private cause of action for deceptive conduct under the UTPCPL, which prohibits, *inter alia,* a person from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding," a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation, and that he suffered harm as a result of that reliance. 73 P.S. § 201–2(4)(xxi); **Yocca v. Pittsburgh Steelers Sports, Inc.,** 854 A.2d 425, 438 (Pa. 2004).

On these claims, the trial court determined "Appellants cannot produce evidence of any representation by [Rausch] which turned out to be knowingly false." Trial Court Opinion 9/3/2014, at 5. The trial court further concluded Rausch sold the property "as is," Appellants "**knew** that the window leaked and that it had to be repaired prior to the closing of the

conveyance[,]" and there was no credible evidence that [Rausch] knew **at the time of the conveyance**, that defects remained unrepaired in the house." *Id.* (emphasis in original). Moreover, the trial court noted, "[Appellants] cannot rely on their assertion that [Rausch] 'should have known' any more than they, themselves, should have known." *Id.* at 6.

We agree. As previously illustrated, Rausch disclosed the leak and agreed to make repairs. He testified that he did so and there is no evidence to suggest otherwise. Nowhere do Appellants argue that Rausch failed to make repairs, but then stated falsely that repairs had been made. At all times, Rausch maintained that there was a leak in the affected area. We simply cannot agree that Rausch made any false representations to Appellants. Thus, the trial court correctly determined that Rausch's conduct was not deceptive or fraudulent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015

- 11 -